# EXHIBIT B



## COMMONWEALTH of VIRGINIA
*Department of Human Resource Management*

OFFICE OF EMPLOYMENT DISPUTE RESOLUTION

DECISION OF HEARING OFFICER

In re:

**Case Number: 11780**

Hearing Date:     May 9, 2022
Decision Issued:  May 31, 2022

## PROCEDURAL HISTORY

Grievant was removed from employment for "Just Cause" for failing to become vaccinated for COVID-19.

On December 1, 2021, Grievant timely filed a grievance to challenge the Agency's action. The matter advanced to hearing. On December 27, 2021, the Office of Employment Dispute Resolution assigned this appeal to the Hearing Officer. On May 9, 2022, a hearing was held by remote conference.

## APPEARANCES

Grievant
University Counsel
Witnesses

## ISSUES

1. Whether Grievant engaged in the behavior giving rise to his removal?

2. Whether there were mitigating circumstances justifying a reduction or removal of the University's action, and if so, whether aggravating circumstances existed that would overcome the mitigating circumstances?

3. Whether the University discriminated against Grievant by failing to provide him with a religious exemption to its vaccination mandate.

## BURDEN OF PROOF

The burden of proof is on the University to show by a preponderance of the evidence that its disciplinary action against the Grievant was warranted and appropriate under the circumstances. The employee has the burden of raising and establishing any affirmative defenses to discipline and any evidence of mitigating circumstances related to discipline. Grievance Procedure Manual ("GPM") § 5.8. A preponderance of the evidence is evidence which shows that what is sought to be proved is more probable than not. GPM § 9.

## FINDINGS OF FACT

After reviewing the evidence presented and observing the demeanor of each witness, the Hearing Officer makes the following findings of fact:

The University of Virginia Health System employed Grievant as a Manager, Patient Friendly Access. He began working for the University in November 2020.

The University created an electronic system called VaxTrax to allow employees to submit requests for exemption to the University's vaccination policy. The University refers to its employees as team members.

On August 25, 2021, the Executive Vice President sent an email to staff informing them that the University would "now require all team members without a religious or medical exemption to be vaccinated against COVID-19 by November 1, 2021. Any team member not meeting the vaccination requirement deadline will be subject to disciplinary action up to and including termination."[1]

The University assigned responsibility to a group of human resource employees to determining whether a request for exemption met the requirements of its vaccination policy. These employees received training on the University's policies and applicable laws. The Assistant Vice President described the employees as diverse in ethnicity and religion and having the ability to "operate in the gray."

---

[1] University Exhibit p. 23.

The University's objective was to distinguish between employees holding religious beliefs that precluded the taking of COVID-19 vaccines and employees using the color of religion to express personal objections to being vaccinated. Drawing this distinction was not a simple task.

The University identified all of the reasons an employee listed for refusing to take the vaccine. The University then looked at each reason to determine if it showed a religious belief precluding vaccination or reflected a personal preference. For example, if a reason reflected false information or misinformation, the University concluded the reason did not arise because of a religious belief. If the reason reflected a personal preference such as a political opinion or healthy lifestyle choice, the University concluded that the reason was not based on a religious belief. Based on this analysis, the University determined whether the employee's application for religious exemption should be granted. The group did not document their reasoning or vote to grant or deny a request.

Over 400 employees requested religious exemptions. Employees were permitted to submit additional information after denial. Some employees submitted information three or four times. Each submission was to be reviewed by the committee. The group met daily.

On October 18, 2021, Grievant submitted a request for exemption to the COVID-19 vaccination:

> It is my long-standing sincerely held religious belief that my body is the temple of God and that as such I must glorify God in whatever I do with my body, His temple. This belief is based on 1 Corinthians 16:19-20 where it says, "What? Know ye not that your body is the temple of the Holy Ghost which is in you, which ye have of God, and ye are not your own? For ye are bought with a price: therefore glorify God in your body, and in your spirit, which are God's, "and also in 1 Corinthians 10:31, "Whether therefore ye eat, or drink, or whatsoever ye do, do all to the glory of God."
>
> I cannot take the flu or Covid vaccines based on my religious belief mentioned above. Taking these vaccines goes against my religious conviction to glorify God in my body, which is the temple of His Holy Spirit. I was approved for religious exemptions by my previous employers, [prior employers]. If needed, I will be glad to provide copies of those approvals. Also, in December 2020, when I first started working at UVA, I applied and was approved for religious exemption for the flu vaccine, but for some reason, I was told you cannot find a record of that, so I was asked to reapply today, 10/18/2021. Attached is a screenshot of VaxTrax showing my religious exemption approval from last year.[2]

Grievant's request was denied:

---

[2] University Exhibits p. 58.

Case No. 11780                3

Dear Applicant Thank you for your request for a religious exemption under the OCH-002-Health Screening Policy. At this time your request is denied. To qualify for a religious exemption, you must briefly explain the religious principle, tenet or belief and how that religion's principles, tenets or beliefs conflict with or preclude you from receiving a vaccination. For information on becoming compliant with OCH-002, please visit Immunize UVA. Thank you Immunize UVA.[3]

On October 21, 2021, Grievant updated his request:

The reason for your denial does not make sense. I have briefly explained the religious principle, tenet or belief and how that religion's principle, tenets or beliefs conflict with or preclude me from receiving a vaccination. Was this denied in error? It is my long-standing sincerely held religious belief that my body is the temple of God and that as such I must glorify God in whatever I do with my body, His temple. This belief is based on 1 Corinthians 16:19-20 where it says, "What? Know ye not that your body is the temple of the Holy Ghost which is in you, which ye have of God, and ye are not your own? For ye are bought with a price: therefore glorify God in your body, and in your spirit, which are God's, "and also in 1 Corinthians 10:31, "Whether therefore ye eat, or drink, or whatsoever ye do, do all to the glory of God."

I cannot take the flu or Covid vaccines based on my religious belief mentioned above. Taking these vaccines goes against my religious conviction to glorify God in my body, which is the temple of His Holy Spirit. I was approved for religious exemptions by my previous employers, [Prior employers]. If needed, I will be glad to provide copies of those approvals. Also, in December 2020, when I first started working at UVA, I applied and was approved for religious exemption for the flu vaccine, but for some reason, I was told you cannot find a record of that, so I was asked to reapply today, 10/18/2021. Attached is a screenshot of VaxTrax showing my religious exemption approval from last year.

Grievant's request was again denied.

On October 25, 2021, Grievant updated his request:

Per the reviewer's comment, "For information on becoming compliant with OCH-002, please visit Immunize UVA," I want to inform you that I have reviewed the information on Immunize UVA and therefore I'm providing you with additional information for my request for religious exemption for the flu and Covid [vaccines], since I was asked to resubmit a new request this year because you cannot locate my approval from last year. The website says,

---

[3] University Exhibits p. 57.

Case No. 11780                              4

"As Per Health System Policy OCH-002, Employees are Able to Seek a Flu Vaccination Exemption. Exemption Requests may be submitted through the VaxTrax App. Anyone who received an exemption last year has had their exemption automatically approved this year. Based on this: 1. I applied and was approved for the religious exemption vaccine in December 2020 (please see screenshot showing my approval/compliance). According to the email that was sent to all UVA Health employees on August 25, 2021 at 10:39AM, those, like me, who were approved for religious exemption in 2020 do not need to reapply this year: "A separate application for a COVID-19 exemption does not need to be submitted if a team member has an approved flu vaccine on file with Employee Health." 2. Attached is a copy of my pastor's letter confirming that I have a sincerely held religious belief that prevent me from taking the flu and Covid vaccines. 3. Attached is a copy of the religious exemption approval that I received from my previous employer [Employer name] for 2013 and 2014 as a backup document showing that this is my longstanding sincerely held religious belief. 4. Attached is a copy of the religious exemption approval that I received from my previous employer [Employer name] for 2020 as a backup document showing that this is my longstanding sincerely held religious belief. Based on this, I'm hereby again requesting a religious accommodation for the flu and Covid vaccines based on Title VII of the Civil Rights Act of 1964 that protects religion at the workplace. Thank you. [Grievant's name]

The reason for your denial does not make sense. I have briefly explained the religious principle, tenet or belief and how that religion's principle, tenets or beliefs conflict with or preclude me from receiving a vaccination. Was this denied in error? It is my long standing sincerely held religious belief that my body is the temple of God and that as such I must glorify God in whatever I do with my body, His temple. This belief is based on 1 Corinthians 16:19-20 where it says, "What? Know ye not that your body is the temple of the Holy Ghost which is in you, which ye have of God, and ye are not your own? For ye are bought with a price: therefore glorify God in your body, and in your spirit, which are God's, "and also in 1 Corinthians 10:31, "Whether therefore ye eat, or drink, or whatsoever ye do, do all to the glory of God."

I cannot take the flu or Covid vaccines based on my religious belief mentioned above. Taking these vaccines goes against my religious conviction to glorify God in my body, which is the temple of His Holy Spirit. I was approved for religious exemptions by my previous employers, [Employer names]. If needed, I will be glad to provide copies of those approvals. Also, in December 2020, when I first started working at UVA, I applied and was approved for religious exemption for the flu vaccine, but for some reason, I was told you cannot find a record of that, so I was asked to reapply today, 10/18/2021. Attached is a screenshot of VaxTrax showing my religious exemption approval from last year.

Grievant's request was denied. He update his request again on October 27, 2021 and it was denied.

On November 2, 2021, Grievant updated his request:

Per the reviewer's comment, "For information on becoming compliant with OCH-002, please visit Immunize UVA," I want to inform you that I have reviewed the information on Immunize UVA and therefore I'm providing you with additional information for my request for religious exemption for the flu and Covid [vaccines], since I was asked to resubmit a new request this year because you cannot locate my approval from last year. The website says, "As Per Health System Policy OCH-002, Employees are Able to Seek a Flu Vaccination Exemption. Exemption Requests may be submitted through the VaxTrax App. Anyone who received an exemption last year has had their exemption automatically approved this year. Based on this: 1. I applied and was approved for the religious exemption vaccine in December 2020 (please see screenshot showing my approval/compliance). According to the email that was sent to all UVA Health employees on August 25, 2021 at 10:39AM, those, like me, who were approved for religious exemption in 2020 do not need to reapply this year: "A separate application for a COVID-19 exemption does not need to be submitted if a team member has an approved flu vaccine on file with Employee Health." 2. Attached is a copy of my pastor's letter confirming that I have a sincerely held religious belief that prevent me from taking the flu and Covid vaccines. 3. Attached is a copy of the religious exemption approval that I received from my previous employer [Employer name] for 2013 and 2014 as a backup document showing that this is my longstanding sincerely held religious belief. 4. Attached is a copy of the religious exemption approval that I received from my previous employer [Employer name] for 2020 as a backup document showing that this is my longstanding sincerely held religious belief. Based on this, I'm hereby again requesting a religious accommodation for the flu and Covid vaccines based on Title VII of the Civil Rights Act of 1964 that protects religion at the workplace. Thank you. [Grievant's name]

The reason for your denial does not make sense. I have briefly explained the religious principle, tenet or belief and how that religion's principle, tenets or beliefs conflict with or preclude me from receiving a vaccination. Was this denied in error? It is my long-standing sincerely held religious belief that my body is the temple of God and that as such I must glorify God in whatever I do with my body, His temple. This belief is based on 1 Corinthians 16:19-20 where it says, "What? Know ye not that your body is the temple of the Holy Ghost which is in you, which ye have of God, and ye are not your own? For ye are bought with a price: therefore glorify God in your body, and in your spirit, which are God's, "and also in 1 Corinthians 10:31, "Whether therefore ye eat, or drink, or whatsoever ye do, do all to the glory of God."

Case No. 11780                                    6

I cannot take the flu or Covid vaccines based on my religious belief mentioned above. Taking these vaccines goes against my religious conviction to glorify God in my body, which is the temple of His Holy Spirit. I was approved for religious exemptions by my previous employers, [Employer names]. If needed, I will be glad to provide copies of those approvals. Also, in December 2020, when I first started working at UVA, I applied and was approved for religious exemption for the flu vaccine, but for some reason, I was told you cannot find a record of that, so I was asked to reapply today, 10/18/2021. Attached is a screenshot of VaxTrax showing my religious exemption approval from last year.

The University denied Grievant's final request for exemption from the COVID-19 vaccination. Grievant was not vaccinated for COVID-19 on November 1, 2021. On November 2, 2021, the University suspended Grievant with the hope that Grievant would change his mind and become vaccinated. Grievant did not become vaccinated. On November 17, 2021, the University terminated Grievant by Written Notice of Intended Action for "Just Cause" pursuant to Medical Center Human Resource Policy 105.

## CONCLUSIONS OF POLICY

Medical Center Policy 701, Employee Performance Standards and Conduct, provides:

Administrative Actions:

Without regard to the Progressive Counseling Process described in this policy, employees who fail to complete the following as directed shall be suspended without pay until the requirement is successfully completed and Medical Center management is provided with documentation thereof:

Failure to complete medical screenings, vaccinations and/or tests required in Health System Policy OCH-002 "Occupational Health Screening and Maintenance."

Failure to complete all assigned and/or required testing or training modules.

Failure to renew license, certification, registration, or other credential prior to the date of expiration as required by Medical Center Human Resources Policy No. 905 "Healthcare Provider Licensure and Certification."

Any employee failing to complete the above requirements within five (5) scheduled workdays following suspension shall be terminated.

Health System Policy OCH-002 governs Occupational Health Screening and Maintenance. This policy provides:

> Tier 1. Team Members whose job-related activities require them to be present in Health System Facilities at any time in a given calendar year. ***
>
> Team Members may apply for a medical or religious exemption from any requirement specified in this Policy including any additional requirements imposed by the Medical Center Hospital Epidemiologist from time to time. ***
>
> The Team Member seeking an Exemption Request shall be provided with a written response to such request, and shall be afforded an opportunity to present additional information, if needed, in order to properly assess the request. ***
>
> Team Members are responsible for ensuring their compliance with the requirements of this policy, and failure to comply may result in disciplinary action up to and including termination in accordance with applicable policies and procedures. ***
>
> Tier 1: All current Tier 1 Team Members must have completed primary vaccination against COVID 19 by November 1, 2021. ***
>
> REQUESTS FOR EXEMPTION BASED ON SINCERELY HELD RELIGIOUS BELIEF: Tier 1 and Tier 2 Team Member applications for exemption from required vaccination or booster based on a sincerely held religious belief require the submission to Employee Health/WorkMed via VaxTrax of an Exemption Request consistent with this Policy. ***
>
> Tier 1 Team Members granted an exemption for any reason must undergo weekly testing, must mask in accordance with current guidelines, and must follow all other requirements established by the Hospital Epidemiologist.

Medical Center Human Resource Policy 104 governs Conditions of Employment. This policy provides:

> Employees of the Medical Center may also be required to undergo any other screening, vaccinations, or tests determined by the Medical Center Hospital Epidemiologist to be necessary for infection control and patient safety. An employee failing to complete required screenings, vaccinations and/or any other immunizations are subject to disciplinary action in accordance with Medical Center Human Resources Policy No. 701 "Employee Standards of Performance and Conduct").

Medical Center Human Resource Policy 105 governs Management Conditions of Appointment and provides:

Individuals who are appointed to a management position with the University of Virginia Medical Center are employed under the conditions described in Medical Center Human Resources Policy No.104 "Conditions of Employment" and the conditions that are described in this policy.

Members of Management serve without the expectation of continued employment, are employed without contract or term and may be given Notice of Appointment Cessation at any time. The length of the Notice Period will be based on years of continuous service with the Medical Center as follows: ***

MANAGERS/ASSISTANT MANAGERS<br>< 3 years, 3 Months

***

Members of Management may be removed for Just Cause. Just Cause may include, but is not limited to, professional incompetence, multiple instances of unacceptable performance, unethical conduct, misconduct that interferes with the capacity of the Member of Management to perform effectively the requirements of his/her position, being listed on the Department of Health and Human Services Office of the Inspector General's List of Excluded Individuals/Entities or the General Services Administration List of Parties Excluded from Federal Procurement and Non-Procurement Programs, or the falsification of credentials, education, qualifications or experience.

Members of Management removed for Just Cause are ineligible for severance payments made pursuant to the Notice of Appointment Cessation or otherwise.

The University required employees to become vaccinated for COVID-19 by November 1, 2021. Grievant did not become vaccinated. After being suspended Grievant did not indicate to the University that he had or intended to become vaccinated for COVID-19. The University has presented sufficient evidence to support its decision to remove Grievant from employment by administrative action.

To reverse the University's action, Grievant may show that the University failed to comply with or unfairly applied its vaccination policy. Grievant may also show that despite the University's policy, the Grievant holds a sincerely held religious belief precluding him from being vaccinated with the COVID-19 vaccine.

Grievant argued that the University incorrectly failed to grant him a religious exception to its COVID-19 vaccination requirement.

Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, prohibits the University from discriminating against its employees on the basis of religion. See, 42 U.S.C. § 2000e et seq.

Title VII requires employers to accommodate religious beliefs, practices and observances if the beliefs are "sincerely held" and the reasonable accommodation poses no undue hardship on the employer.

The EEOC stated:

Religious beliefs include theistic beliefs as well as non-theistic "moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views." Although courts generally resolve doubts about particular beliefs in favor of finding that they are religious, beliefs are not protected merely because they are strongly held. Rather, religion typically concerns "ultimate ideas" about "life, purpose, and death."

Social, political, or economic philosophies, as well as mere personal preferences, are not religious beliefs protected by Title VII. (Citations omitted).[4]

Title VII does not protect social, political, or economic views or personal preferences. Thus, objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or any other nonreligious concerns (including about the possible effects of the vaccine), do not qualify as religious beliefs, practices, or observances under Title VII. However, overlap between a religious and political view does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system and is not simply an isolated teaching.[5]

If an employee's objection to a COVID-19 vaccination requirement is not religious in nature, or is not sincerely held, Title VII does not require the employer to provide an exception to the vaccination requirement as a religious accommodation.[6]

A religious practice includes, "moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views." 29 CFR 1605.1.

In Dachman v. Shala, 9 F. App'x 186, 193 (4th Cir. 2001), the Court held:

---

[4] https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination

[5] https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L

[6] https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L

While an employer has a duty to accommodate an employee's religious beliefs, the employer does not have a duty to accommodate an employee's preferences.

There is little doubt that Grievant has sincerely held religious beliefs. Grievant must show that those sincerely held religious beliefs preclude him being vaccinated. Simply because an employee says his or her religion precludes vaccination does not make it true. There must be some rational, reasonable, and explicit connection between the employee's religious views and the employee's refusal to become vaccinated. In other words, Grievant's claim that he has religious beliefs is subject to a subjective test. Grievant's claim that his religious beliefs preclude him from being vaccinated is subject to both a subjective and objective reasonableness test.

Grievant submitted a letter from his Pastor who wrote that the official position of the church was not against the influenza and COVID-19 vaccinations but many members like Grievant strictly followed the church's counsels on healthy living and the biblical teaching found in 1 Corinthians 6:19 that our bodies are the temple of the Holy Spirit.

In *Geerlings v. Tredyffrin/Easttown Sch. Dist.*, Civil action 21-cv-4024, 13 (E.D. Pa. Sep. 27, 2021) the court held:

> The notion that we should not harm our bodies is ubiquitous in religious teaching, but a "concern that [a treatment] may do more harm than good is a medical belief, not a religious one." *Fallon v. Mercy Cath. Med. Ctr. of Se. Pennsylvania,* 877 F.3d 487, 492 (3d Cir. 2017). Even though the two may sometimes overlap, such as where a prohibition on eating pork serves both sanitary and spiritual ends, it takes more than a generalized aversion to harming the body to nudge a practice over the line from medical to religious.

Grievant has not presented sufficient evidence to show that his religious beliefs preclude vaccination. His aversion to harming his body is not sufficient basis to establish that his religious beliefs preclude vaccination. In addition, Grievant has not established that any of the ingredients of the three major vaccines would cause harm to his body. Grievant has not established a basis for a religious exemption from the COVID-19 vaccine. Grievant did not establish a basis to mitigate the University's action.

Grievant argued he did not have to request exemption from the COVID-19 vaccine because he had been exempted from the flu vaccination. The University informed Grievant:

> A separate application for a COVID-19 exemption does not need to be submitted if a team member has an approved flu vaccination exemption on file with Employee Health.

Grievant presented evidence showing he had been marked "compliant" by the University with respect to the flu vaccine.[7] The evidence showed that the University did not have a record of Grievant receiving a religious exemption from the flu vaccine and, that, it likely made a mistake by marking him compliant.[8] In any event, the University had sufficient discretion within its policy to authorize it to revisit the issue of whether Grievant should be exempt from the flu vaccine while it pondered the merits of exempting him from the COVID-19 vaccine.

The University erred by removing Grievant for "Just Cause." The University's definition of Just Cause under Policy 105 lists behaviors that are disciplinary in nature. Grievant was obligated to be vaccinated with the COVID-19 vaccine as a condition of employment. His failure to do so was not disciplinary in nature. Policy 104 provides, "[a]n employee failing to complete required screenings, vaccinations and/or any other immunizations are subject to disciplinary action in accordance with Medical Center Human Resources Policy No. 701 "Employee Standards of Performance and Conduct". However, an employee failing to be vaccinated is removed by "administrative action" not disciplinary action under Policy 701. The University should have removed Grievant by administrative action and not by Written Notice of Intended Action.

Because Grievant should not have been removed for Just Cause, he should have been given a Notice Period of three months and paid severance in accordance with Policy 1.05.

### DECISION

For the reasons stated herein, the University's decision to remove Grievant from employment is **upheld**. The basis for that removal is administrative action. The University is **ordered** to provide Grievant with a three month Notice Period and severance payment as required by Medical Center Human Resource Policy 1.05.

### APPEAL RIGHTS

You may request an administrative review by EDR within **15 calendar** days from the date the decision was issued. Your request must be in writing and must be **received** by EDR within 15 calendar days of the date the decision was issued.

---

[7] The University speculated that Grievant may have marked himself complaint. The evidence showed that the University's speculation was untrue. The user id associated with Grievant was updated on November 18, 2020, but Grievant did not begin employment with the University until November 30, 2020. He could not have made the update.

[8] In 2020, the University was granting religious exemption for the flu vaccine only to members of specific religions. Grievant was not a member of one of those religions. The basis for exemption in 2020 was much narrower than the basis for religion exemption beginning in 2021.

    Please address your request to:

        Office of Employment Dispute Resolution
        Department of Human Resource Management
        101 North 14th St., 12th Floor
        Richmond, VA 23219

    or, send by e-mail to EDR@dhrm.virginia.gov, or by fax to (804) 786-1606.

You must also provide a copy of your appeal to the other party and the hearing officer. The hearing officer's **decision becomes final** when the 15-calendar day period has expired, or when requests for administrative review have been decided.

    A challenge that the hearing decision is inconsistent with state or agency policy must refer to a particular mandate in state or agency policy with which the hearing decision is not in compliance. A challenge that the hearing decision is not in compliance with the grievance procedure, or a request to present newly discovered evidence, must refer to a specific requirement of the grievance procedure with which the hearing decision is not in compliance.

    You may request a judicial review if you believe the decision is contradictory to law. You must file a notice of appeal with the clerk of the circuit court in the jurisdiction in which the grievance arose within **30 days** of the date when the decision becomes final.[1]

[See Sections 7.1 through 7.3 of the Grievance Procedure Manual for a more detailed explanation, or call EDR's toll-free Advice Line at 888-232-3842 to learn more about appeal rights from an EDR Consultant].

                                */s/ Carl Wilson Schmidt*
                              _____
                              Carl Wilson Schmidt, Esq.
                              Hearing Officer

---

[1] Agencies must request and receive prior approval from EDR before filing a notice of appeal.

Case No. 11780                              13