IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| DWAYNE PHILLIPS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:22-cv-00075-RSB |
| ) | |
| RECTOR AND VISITORS OF THE ) | |
| UNIVERSITY OF VIRGINIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OFFICIAL-CAPACITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO CONTINUE BRIEFING AND HEARING ON MOTIONS
TO DISMISS AND MOTION FOR LEAVE TO AMEND**

I. PRELIMINARY STATEMENT

The Court should deny Plaintiffs' Motion to Continue Briefing and Hearing on Motions to Dismiss and Motion for Leave to Amend (Dkt. #95). The current hearing date of June 7, 2023 allows the Motions to Dismiss to be fully briefed and heard at the same time as the Motion for Preliminary Injunction. These Motions should be heard together because the Motions to Dismiss go to the heart of one of the critical elements of Plaintiffs' request for preliminary injunction—the likelihood of success on the merits. If Plaintiffs are not prepared to file their Opposition briefs to the pending Motions to Dismiss, and if the Court is inclined to grant an extension, then it should continue the hearing on **all** currently scheduled motions to give Plaintiffs the additional time that they request. But under no circumstances should the Court reward Plaintiffs' tactic of repeatedly amending their complaint in piecemeal fashion to avoid and delay any ruling on the Motions to Dismiss while simultaneously pressing forward with their Motion for Preliminary Injunction based on their original Complaint which has been superseded and replaced by multiple amended complaints. Indeed, the Motion for Preliminary Injunction, which is based solely on the original

Complaint, was mooted when Plaintiffs filed their First Amended Complaint, their Second Amended Complaint, and now their proposed Third Amended Complaint. *Garcia v. Mid-Atl. Military Family Cmtys. LLC*, No. 2:20cv308, 2021 WL 1429474, at *3 (E.D. Va. Mar. 4, 2021) ("An amended complaint supersedes a prior complaint and renders it of no legal effect. . . . Plaintiff's Motion for Preliminary Injunction—which seek[s] relief based on Plaintiff's initial Complaint—[is] DISMISSED as moot." (boldface omitted)).

In short, the Court should either hold the Plaintiffs to the current schedule with a hearing on the Motions to Dismiss, Motion for Leave to Amend, and Motion for Preliminary Injunction on June 7, 2023 or continue the hearing date as to **all** of these motions.

## II.    FACTUAL BACKGROUND

On December 14, 2022, the six original Plaintiffs (Phillips, Ehrlich, Meszaros, Ripley, Tyson and Loflin) filed their Class Action Complaint[1] (the "Original Complaint") against the Rector and Visitors of the University of Virginia (as a body) and multiple defendants sued in their official and/or individual capacities (all defendants are collectively referred to as "Defendants") (Dkt. #1).  On the same date that they filed their Original Complaint, Plaintiffs also filed a Motion for a Preliminary Injunction (Dkt. #6).  On December 15, 2022, before Defendants were served, the Court noticed a ZOOM hearing on the Motion for Preliminary Injunction for January 10, 2023 (Dkt. #8).  Once served, Defendants promptly requested that the Court continue the hearing and set a briefing schedule on the Motion for Preliminary Injunction and Defendants' anticipated Motion to Dismiss (Dkt. #18).  The Court entered a schedule on December 27, 2022, that contemplated that the Motion for Preliminary Injunction and any Motion to Dismiss would be fully briefed by February 17, 2023 and set for a single hearing on or after February 28, 2023 (Dkt. #22).

---

[1] Although Plaintiffs have titled their pleadings "Class Action," Plaintiffs have yet to move to certify a class.

2

The Defendants filed a combined Motion to Dismiss the Original Complaint on January 23, 2023, in accordance with the schedule set by the Court (Dkt. #29). In response, Plaintiffs filed a First Amended Complaint on February 13, 2023, which added five additional plaintiffs, deleted one defendant, and added a new defendant (Dkt. #46). On February 27, 2023, the Official-Capacity Defendants timely filed a Motion to Dismiss the First Amended Complaint (Dkt. #60). The Individual-Capacity Defendants retained separate counsel, and Motions to Dismiss were filed on their behalf on March 20, 2023 (Dkt. #68, #70). Once again, rather than respond to the Motions to Dismiss, Plaintiffs requested that the Defendants consent to their filing a Second Amended Complaint. On April 6, 2023, the parties filed a Joint Stipulation in which the Defendants consented to the filing of the Second Amended Complaint, in exchange for additional time to file a response (Dkt. #79). Specifically, the parties agreed that the Defendants would have until May 12, 2023 to respond, which was primarily necessary because the Second Amended Complaint added three new claims under Title VII. Plaintiffs filed their Second Amended Complaint on April 7, 2023 (Dkt. #80). Plaintiffs were aware that all three sets of defendants would file Motions to Dismiss on May 12, 2023, but they did not request any additional time to submit their Opposition briefs as part of the Joint Stipulation. (Dkt. #79).

After filing the Second Amended Complaint, on April 12, 2023, Plaintiffs filed an unsolicited "Status Report Regarding Pending Motions" (Dkt. #82). Among other things, Plaintiffs requested that the Court set the Motion for Preliminary Injunction for hearing, and indicated they would submit additional briefing to support the Motion given the passage of time (and presumably, several amended pleadings) since the Motion was filed. *Id.* Plaintiffs never filed any such supplemental briefing.

The Official-Capacity Defendants filed a response to Plaintiffs' Status Report on April 14, 2023 (Dkt. #83).  The Official-Capacity Defendants urged the Court to consider the Motions to Dismiss before the Motion for Preliminary Injunction and further noted that the Motion for Preliminary Injunction based on the Original Complaint was mooted by Plaintiffs' multiple amended pleadings.  The Official-Capacity Defendants proposed a briefing and hearing schedule to resolve the Motions to Dismiss, and if needed, the Motion for Preliminary Injunction.  *Id.*

On May 5, 2023, the Court reached out to the parties to schedule a hearing on the Motion for Preliminary Injunction, and the hearing was set for June 7, 2023 (Dkt. #92).  On May 12, 2023, Defendants filed their Motions to Dismiss in accordance with the parties' agreed schedule (Dkt. #86, #88, #90).  In response—for the third time—Plaintiffs filed a Motion for Leave to Amend Complaint and Add Defendants (Dkt. #93).  The proposed Third Amended Complaint purports to address some of the deficiencies related to one plaintiff's claims.  Plaintiffs do not otherwise address the substantial deficiencies raised in the three pending Motions to Dismiss. (Dkt. #86, #88, and #90).[2]

On May 23, 2023, the Court notified the parties that the June 7, 2023 hearing would also include Plaintiffs' Motion for Leave to Amend and the pending Motions to Dismiss.  (Dkt. #92, #94).[3]  Plaintiffs now request that the Court continue the briefing and hearing on the Motion for Leave to Amend and Motions to Dismiss—but allow the hearing on the Motion for Preliminary Injunction to go forward.  The Official-Capacity Defendants oppose this request for the reasons stated herein.  However, the Official-Capacity Defendants would not oppose a continuation of the

---

[2] The Official-Capacity Defendants intend to file an Opposition to the Motion for Leave to Amend, which is due June 5, 2023.  The Official-Capacity Defendants will endeavor to file the Opposition early, to provide Plaintiffs with additional time to file a Reply prior to the scheduled hearing.

[3] Counsel received the most recent notice regarding the hearing on May 24, 2023 at 11:47 a.m., identifying the Motion for Preliminary Injunction, Motions to Dismiss, and Motion for Leave to Amend as scheduled for June 7 at 2:00 p.m.

4

hearing as to **all** currently scheduled Motions to provide Plaintiffs with additional time to file their Oppositions to the Motions to Dismiss. A similar proposal was made to Plaintiffs to avoid motions practice on this issue, but Plaintiffs declined the offer. The Official-Capacity Defendants propose the following:

- **June 16:** Defendants' deadline to respond to the Motion for Leave

- **June 23:** Plaintiffs' deadline to respond to the motions to dismiss and to reply in support of the Motion for Leave

- **July 10:** Defendants' deadline to reply in support of their motions to dismiss

- **TBD:** Hearing on Motions to dismiss, Motion for Leave, and Motion for Preliminary Injunction

### III.    ARGUMENT

Plaintiffs' request that the Court proceed with the June 7th hearing on the Motion for Preliminary Injunction but delay a hearing on the other pending motions should be denied for multiple reasons.

The Court should not separate the Motions to Dismiss from the Motion for Preliminary Injunction. The Motions to Dismiss relate to a central element of Plaintiffs' request for preliminary injunctive relief—the likelihood of success on the merits. These Motions should be heard together. This is what was contemplated when the Court set the initial briefing schedule on the Motions (Dkt. #22), and the Official-Capacity Defendants have repeatedly requested that the Court hear the Motions to Dismiss before (or at least at the same time as) the Motion for Preliminary Injunction (Dkt. #18, #83).

Plaintiffs' inability to respond to the Motions to Dismiss in a timely manner is not a sufficient reason to separate the Motions into two separate hearings. If Plaintiffs need more time, the solution is not to hear the Preliminary Injunction first and in isolation, but rather to continue the hearing as to all the Motions. Moreover, Plaintiffs' Motion for Leave to Amend Complaint

and Add Defendants, which only purports to cure one defect in one of the plaintiff's claims, and their repeated piecemeal amendments suggests a dilatory motive on Plaintiffs' part to delay and avoid a ruling on the Motions to Dismiss. Plaintiffs' feigned surprise that they are facing three Motions to Dismiss with a fourteen day response time rings hollow. Plaintiffs knew the Defendants would file Motions to Dismiss, and the Motions are substantially similar to the previously filed Motions to Dismiss the First Amended Complaint that were filed months ago.

Further, there is no urgency in the Motion for Preliminary Injunction being heard on June 7, 2023, as opposed to a date in July—if Plaintiffs indeed need more time for briefing. Plaintiffs were terminated from their positions in November 2021, and waited over a year to file this lawsuit. Moreover, **months before** the lawsuit was filed, UVA Health adopted a new review procedure for religious exemption requests that cures any deficiencies in the review process identified by Plaintiffs in their Original Complaint (which is the complaint that the Motion for Preliminary Injunction is based on), and UVA Health has offered the original Plaintiffs (and others) reinstatement to the same or a substantially similar position that they previously held at the same rate of pay, with retroactive increases. Thus, while separating the Motions to Dismiss from the Motion for Preliminary Injunction will cause real prejudice to the Official-Capacity Defendants, a continuation of the hearing by a month—to accommodate **Plaintiffs'** request for additional time—will have no appreciable impact on the Plaintiffs. Indeed, if Plaintiffs' claims are meritorious, they can recover money damages—an injunction is not necessary and no irreparable harm will ensue if the hearing is continued.

Plaintiffs' reference to stale (and technically withdrawn) discovery motions in their Motion to Continue Briefing and Hearing on Motions to Dismiss and Motion for Leave to Amend is entirely misplaced. Discovery is more appropriately addressed once the Court has ruled on the

6

Motions to Dismiss and the parties are at issue. Indeed, it has now been five months since the filing of the Original Complaint, and Plaintiffs are still not confident they have stated a claim, and the parties still are not at issue due to the Plaintiffs' evolving plaintiffs, legal theories, and defendants, all at great cost to everyone. Discovery should not commence with this much uncertainty as to the plaintiffs, defendants, and claims. Plaintiffs' repeated piecemeal amendments have caused delay in moving this case forward, and they must live with that delay.

## IV.   CONCLUSION

For the foregoing reasons, Official-Capacity Defendants request that the Court deny Plaintiffs' Motion to Continue Briefing and Hearing on Motions to Dismiss and Motion for Leave to Amend, and proceed with a hearing on the Motion for Preliminary Injunction, Motions to Dismiss, and Motion for Leave to Amend on June 7, 2023 as scheduled.[4] In the alternative, the Official-Capacity Defendants request that the Court continue the hearing as to **all** currently scheduled Motions, in order to provide Plaintiffs with the additional time that they request to oppose the Motions to Dismiss. That ruling would satisfy the Official-Capacity Defendants' concern that the Motions be heard together, and would satisfy Plaintiffs' request for additional time to brief the Motions to Dismiss. A proposed Order with both alternatives is attached as Exhibit 1.

---

[4] The Court could also simply deny the Motion for Leave to Amend on the papers rather conduct oral argument on that Motion.

Dated: May 25, 2023            Respectfully submitted,

BY:    */s/ Robert M. Tata*
Robert M. Tata (VSB No. 30101)
Wendy C. McGraw (VSB No. 37880)
Trevor S. Cox (VSB No. 78396)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Phone: (804) 788-7221
Facsimile: (804) 788-8218
btata@HuntonAK.com
wmcgraw@HuntonAK.com
tcox@HuntonAK.com

***Counsel for Official-Capacity Defendants***