IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| J. DWAYNE PHILLIPS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. |
| v. ) | 3:22-cv-00075- NKM-JCH |
| ) | |
| RECTOR AND VISITORS ) | |
| OF THE UNIVERSITY OF ) | |
| VIRGINIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION OF INDIVIDUAL CAPACITY DEFENDANTS
FREDERICK AND HOFFMAN TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Melissa Frederick and Katy Hoffman (the "Individual Capacity Defendants") oppose the Plaintiffs' Motion for Leave to Amend Complaint and Add Defendants (ECF # 93) and ask the Court to deny the motion.[1]

If Plaintiffs' motion were to be granted, it would be their Third Amended Complaint – *i.e.,* the *fourth* version of their complaint – all without any ruling by the Court on any of their previous versions. In this new pleading, Plaintiffs seek to cure an oversight in the claims previously brought by one Plaintiff, Nicole Boker, in connection with her attempt to obtain employment at UVA Community Health's hospital in Haymarket, Virginia. Specifically, Plaintiffs wish to add two new Defendants, UVA Community Health, Inc., and its CEO, Erik Shannon, and to make various

---

[1] The Individual Capacity Defendants are advised that the other Defendants will be filing their own responses to Plaintiffs' motion.

allegations linking these new Defendants to UVA Health. Such a new complaint, coming at this stage of litigation, would be vexatious, prejudicial, premature and/or futile.[2]

Plaintiffs' request comes after previous versions of their complaint have already been briefed by Defendants *two to three* times (depending on when a particular Defendant was first named in the lawsuit). Each time, Defendants filed motions to dismiss and supporting memoranda, and each time Plaintiffs responded by rushing to file an amended complaint, addressing some (though never all) of the defects brought to their attention. Multiple rounds of briefing by Defendants on these issues are enough. To require yet another round would mean additional expense and delay, and those burdens are vexatious and prejudicial.

Indeed, Plaintiffs' piecemeal amendment exercises erode the protections of qualified immunity, which is intended to safeguard public officials – such as the Individual Capacity Defendants – not just from liability, but from the burdens of litigation. *Carr v. Deeds*, 453 F.3d 593, 600 (4th Cir. 2006) ("Because '[q]ualified immunity is an entitlement not to stand trial or face the other burdens of litigation . . . rather than a mere defense to liability,' it is important to 'resolv[e] immunity questions at the earliest possible stage in litigation.'") (quoting *Saucier v. Katz*, 533 U.S. 194, 200-01 92001). In short, it is time to move on. The most efficient path would be for this Court to decide the Defendants' various Motions to Dismiss filed in response to the Second Amended Complaint, opine on the sufficiency of the various claims asserted against each Defendant, and frame the issues going forward (if any survive).

---

[2] In what Plaintiffs apparently regard as a side issue, they also seek to update allegations regarding the status of UCA Health's offers of re-employment to some Plaintiffs and the May 2023 changes in federal policy regarding COVID vaccine mandates for health care workers. *See* ECF # 93- 2, ¶¶ 113, 114, 392. But such matters are likely to be ever-shifting and hardly justify yet another amendment to the operative complaint, particularly in light of the Motions to Dismiss filed by all Defendants.

2

This does not mean, of course, that Plaintiffs must never be allowed to amend their current complaint. But, coming after so many previous iterations, their pending request to file yet another amendment is, at best, premature. Once the Court rules on the various pleading deficiencies and absolute defenses raised by the Defendants, there will be time enough to decide whether Plaintiff should be allowed to amend in the manner they have proposed, or whether *additional* amendments are required to plead claims against the various Defendants. Indeed, by that point, Plaintiff will likely wish to propose other amendments as well, all of which can be evaluated in due time. For now, the case should proceed on the Second Amended Complaint.

Plaintiffs' request to file a Third Amended Complaint should also be denied at this time because any such amendment would likely be futile. *See Mayfield v. NASCAR, Inc*., 674 F.3d 369, 379 (4th Cir. 2012) (citing futility as a reason to deny a proposed amendment). In asking the Court to dismiss the Second Amended Complaint, the various Defendants have raised several defenses against Boker's claims. For the Individual Capacity Defendants, those Boker-related defenses include (i) qualified immunity, (ii) quasi-judicial immunity, and (iii) failure to comply with the pleading standard required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g.,* ECF # 91, at 5, 19, 28.

Nothing in the proposed Third Amended Complaint overcomes – or is intended to overcome – any of these defenses. Indeed, with the exception of the "wrong party" defense raised by the Official Capacity Defendants, *none* of the Boker-related defenses raised by *any* of the Defendants are addressed by the Plaintiffs' proposed amendment. Those defenses are as much a problem for Plaintiffs in their proposed Third Amended Complaint as they are in the now-operative Second Amended Complaint. The Court should not allow an amendment that would likely be

3

futile, especially when there will be an opportunity to take up the issue of a potential amendment after disposing of the pending motions to dismiss.

For of these reasons, Plaintiffs' Motion for Leave to Amend Complaint and Add Defendants should be denied.

May 26, 2023

Respectfully Submitted,

**MELISSA FREDERICK**
**KATY HOFFMAN**

By: /s/ William H. Hurd

William H. Hurd (VSB #16967)
Karen S. Elliott (VSB #26393)
Matthew Kirsner (VSB #41615)
Brendan C. Horgan (VSB #83989)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
919 East Main Street, Suite 1300
Richmond, Virginia 23219
Tel: (804) 788-7740
Fax: (804) 698-2950
whurd@eckertseamans.com
kelliott@eckertseamans.com
mkirsner@eckertseamans.com
bhorgan@eckertseamans.com

*Counsel for Melissa Frederick and Katy Hoffman*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May, 2023, a copy of the foregoing was filed via CM/ECF, which will automatically send electronic notification of such filing to all counsel of record.

/s/ William H. Hurd
William H. Hurd (VSB #16967)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
919 East Main Street, Suite 1300
Richmond, Virginia 23219
Tel: (804) 788-7740
Fax: (804) 698-2950
Email: whurd@eckertseamans.com

*Counsel for Melissa Frederick and Katy Hoffman*