IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| DWAYNE PHILLIPS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3:22-cv-00075 |
| | ) | |
| v. | ) | By: Hon. Robert S. Ballou |
| | ) | United States District Judge |
| RECTOR AND VISITORS OF THE | ) | |
| UNIVERSITY OF VIRGINIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

In the Fall of 2021, UVA Health[1] mandated that Tier 1 employees take the COVID-19 vaccine.[2] UVA Health allowed exemptions from the vaccine requirement for medical or religious reasons, but employees who did not receive an exemption and still refused to take the vaccine were terminated. Plaintiffs, eleven former UVA Health employees, were denied religious exemptions from the vaccine mandate and lost their jobs. Plaintiffs bring this action against the Rector and Visitors of the University of Virginia ("UVA") and several UVA employees alleging constitutional and employment discrimination claims for denying them religious exemptions from the vaccination requirement. Before me is Plaintiffs' motion for a preliminary injunction[3]

---

[1] Plaintiffs and Defendants use the term "UVA Health" as shorthand for "a system of related entities owned and operated by the Rector and Visitors of the University of Virginia on behalf of its Medical Center." Dkt. 89 at 1 n.1. Defendants note, however, that "UVA Health is not a separate legal entity." Id.

[2] UVA Health defines Tier 1 employees as "Team Members whose job-related activities require them to be present in Health System Facilities at any time in a given calendar year." Dkt. 143-1 Ex. A at 2.

[3] When filed initially, this action included six plaintiffs: J. Dwayne Phillips, Mark Ehrlich, Janet Ripley, Ryan Meszaros, Rebecca Tyson, and Rebecca Loflin. Dkt. 1. The complaint has been amended twice which included adding five additional plaintiffs: Nadine McCarthy, Dr. Chelsea

to require UVA to (1) offer Plaintiffs reinstatement and (2) take no future adverse employment action against them based on their COVID-19 vaccination status. Dkt. 6 (motion for preliminary injunction), 80 (second amended complaint). UVA Health announced on June 20, 2023, an intent to rescind its COVID-19 vaccine mandate effective August 4, 2023. Dkt. 112-1. On August 7, 2023, Defendants filed a notice that UVA Health has indeed rescinded the mandate. See Dkt. 143. The motion for preliminary injunction is **DENIED** as moot because UVA Health no longer requires employees to be vaccinated, each of the terminated plaintiffs are eligible to seek re-employment, and the vaccination status of any person seeking employment at UVA Health is not a consideration for hire.

### I.     Background

Plaintiffs each sought, but were denied, a religious exemption from the COVID-19 vaccination requirement for all UVA Health Tier I employees. Plaintiffs did not take the vaccination and lost their jobs. They bring this putative class action alleging Free Exercise and Establishment Clause claims under the federal and state constitutions and under Title VII for the termination, refusal to hire, and refusal to rehire employees and prospective employees who were denied religious exemptions and refused to comply with the vaccination mandate.

The United States recorded its first confirmed case of the COVID-19 virus on January 20, 2020. Efforts to combat the spread of the virus included the development of several vaccines and in the fall of 2021, UVA Health instituted a COVID-19 vaccine mandate for its employees effective November 1, 2021, requiring each of its employees to become vaccinated or face

---

Sheppard, M.D., Christopher Parsnow, Nicole Boker, and Joshua Seiler. Dkt. 46. Neither the motion for preliminary injunction nor the second amended complaint expressly expanded the group of plaintiffs seeking injunctive relieve beyond the original six plaintiffs. Dkt. 80.

termination. On November 5, 2021, the Centers for Medicare and Medicaid Services ("CMS") directed that any healthcare worker who treats Medicare and Medicaid patients be vaccinated against COVID-19.[4] A significant number of patients at UVA Health are Medicare or Medicaid recipients.

The UVA Health vaccination policy allowed employees to submit requests for medical and religious exemptions. The initial vaccination policy adopted in 2021 created a Religious Exemption Committee to review exemption requests from employees based upon their sincerely held religious beliefs ("2021 Procedure"). Training materials developed by UVA Health to administer religious exemption requests under the 2021 Procedure identified seven religious faiths with "known prohibition[s] against vaccination" and employees who were practicing members of any one of these listed faiths and who sought a vaccination exemption on religious grounds automatically received approval. Dkt. 80-1. The training materials further explained that employees who were not members of one of the listed faiths, but who had a sincerely held religious belief against receiving the COVID-19 vaccination, had "the opportunity to submit additional information." Id. at 15. Plaintiffs here submitted requests under the 2021 Procedure for religious exemptions to the Religious Exemption Committee. The exemption requests were denied, and UVA Health dismissed each Plaintiff because they refused to take the COVID-19 vaccination.

UVA Health disbanded the Religious Exemption Committee in October 2022 in favor of an expanded exemption request review procedure ("2022 Procedure"). UVA Health named Katy

---

[4] The Supreme Court upheld the CMS Mandate in Biden v. Missouri, 142 S. Ct. 647 (2022).

Hoffman[5] as the Exemption Coordinator to determine whether an employee had a sincerely held religious belief that conflicts with the vaccine mandate. If so, UVA Health then sought to determine the extent to which accommodating a particular employee's religious exemption imposed an undue hardship on UVA Health.

The Commonwealth of Virginia rescinded its COVID-19 vaccine mandate for state employees on January 15, 2022, however, UVA Health continued to align its vaccination requirements with CMS guidance. The United States ended the COVID-19 public health emergency on May 11, 2023. CMS rescinded its vaccine mandate on June 5, 2023. See 88 Fed. Reg. 36485, 36502. UVA Health followed suit on August 4, 2023, and does not require its Tier 1 employees to have the COVID-19 vaccination. Dkt. 143.

Plaintiffs filed this putative class action alleging constitutional and statutory violations based on UVA Health's COVID-19 vaccine mandate. Dkt. 80 at 1–2. Plaintiffs filed this action and the motion for a preliminary injunction on December 14, 2022, more than a year after UVA Health instituted the vaccination requirement and Plaintiffs lost their jobs. Dkt. 6.

## II.     Analysis

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Roe v. Dep't Def., 947 F.3d 207, 219 (4th Cir. 2020) (quoting Winter v. Nat. Res. Def. Council, 555 U.S. 7, 22 (2008)). A party seeking a preliminary injunction must establish that (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) an injunction is in the public interest.

---

[5] Plaintiffs named Hoffman as a defendant in the first amended complaint. Dkt. 46. She remains a defendant in the second amended complaint. Dkt. 80.

Winter, 555 U.S. at 20. The court need not consider all four Winter factors before denying a preliminary injunction. Henderson ex rel. NLRB v. Bluefield Hosp. Co., LLC, 902 F.3d 432, 439 (4th Cir. 2020).

Article III limits federal court jurisdiction to cases and controversies.[6] See U.S. Const. art. III, § 2, cl. 1; Eden, LLC v. Justice, 36 F.4th 166, 169 (4th Cir. 2022). Mootness precludes a court from "advising on legal questions 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" Eden, LLC, 36 F.4th at 169 (quoting Fleet Feet, Inc. v. NIKE, Inc., 986 F.3d 458, 463 (4th Cir. 2021)). This limitation applies throughout the litigation such that an action may become moot after being filed. Id. at 169–70. Where a plaintiff has "already received the 'precise relief' they sought," a case is moot. Id. at 170 (quoting N.Y. State Rifle & Pistol Ass'n v. City of New York, 140 S. Ct. 1525, 1526 (2020)).

Plaintiffs argue that this action is not moot because the voluntary cessation doctrine applies. The doctrine "traces to the principle that a party should not be able to evade judicial review . . . by temporarily altering questionable behavior." Id. (citing Porter v. Clarke, 852 F.3d 358, 364 (4th Cir. 2017)). "A civil action does not become moot when a defendant voluntarily ceases its allegedly improper behavior, if there is a reasonable chance that the behavior will resume." Lighthouse Fellowship Church v. Northam, 20 F.4th 157, 162 (4th Cir. 2021). The test to assess whether a reasonable chance exists that the offending behavior may resume is

---

[6] Plaintiffs submitted a July 27, 2023, opinion letter in the Charlottesville Circuit Court that reinstates a former UVA Health employee because UVA Health's denial of her request for religious exemption to the COVID-19 vaccine mandate was arbitrary and capricious. Dkt. 141-1 at 3–4. The ruling operated under a distinct factual circumstance: the vaccine mandate remained in effect. That is no longer the case, and the mootness of the preliminary injunctive relief sought precludes this remedy during the pendency of this action.

5

"stringent . . . [a] defendant claiming mootness based on the voluntary cessation of a challenged practice must show that it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" Eden, LLC, 36 F.4th at 171 (quoting Lighthouse Fellowship Church, 20 F.4th at 162). "[A] governmental entity's change of policy renders a challenge moot when the governmental entity 'has not asserted its right to enforce [the challenged policy] at any future time.'" Porter, 852 F.3d at 364 (quoting Wall v. Wade, 741 F.3d 492, 497 (4th Cir. 2014)).

The Fourth Circuit has repeatedly found moot challenges to COVID-19 restrictions which were rescinded during litigation. In Lighthouse Fellowship Church v. Northam, a church challenged the legality of several executive orders issued by the Virginia governor to combat the spread of COVID-19. During the pendency of the litigation, the governor lifted the restrictions. Id. The Fourth Circuit held that the case was moot and that the voluntary cessation exception did not apply. 20 F.4th at 159–60. The Court recognized "several significant situations where mootness has been found" in "circumstances where a challenged governmental regulation or legislation has expired." Id. at 163 (citing Trump v. Hawaii, 138 S. Ct. 377 (2017) (Mem.); Kremens v. Bartley, 431 U.S. 119, 132 (1977); Burke v. Barnes, 479 U.S. 361, 363 (1987)). The Court rejected the church's argument that Virginia could reinstate the COVID-19 restrictions at any time, reasoning that Virginia had lifted its state of emergency and that vaccines for the virus were available. The Court also concluded that these changed circumstances demonstrated that it was "entirely speculative to assert that Governor Northam will . . . reinstate restrictions." Id. at 164.

The Fourth Circuit visited the West Virginia COVID-19 restrictions in Eden, LLC v. Justice, 36 F.4th 166 (2022). There, the Fourth Circuit determined that the challenges to the West Virginia COVID-19 restrictions were moot because the restrictions had been lifted during the

pendency of the appeal. Eden, LLC, 36 F.4th at 171. The Court held that the voluntary cessation doctrine did not apply because the governor had not imposed any new restrictions and had publicly stated that "the advent of vaccines and other measures to combat the virus makes the likelihood of a recurrence still more remote." Id. (internal quotation omitted).

 Plaintiffs do not challenge in this action the decision of UVA Health to have a vaccine mandate. Rather, Plaintiffs take issue with the design of the religious exemption requirements. Each of the plaintiffs were terminated under the 2021 exemption procedure. That procedure is no longer in place and nor is the 2022 exemption procedure. The suggestion that UVA Health could reinstate its COVID-19 vaccine mandate (and thus some type of religious exemption procedure) is "entirely speculative." Eden, LLC, 36 F.4th at 171 (quoting Lighthouse Fellowship Church, 20 F.4th at 164). Indeed, UVA Health publicly announced its intent to abandon the vaccine requirement in May and June 2023, and then provided notice to this court once it rescinded the mandate on August 4. Dkt. 143. The record contains no evidence that UVA Health is likely to reinstate its vaccine mandate. In addition, UVA Health has closely followed CMS guidelines and lifted its vaccination requirement consistent with CMS policy for health care workers providing treatment to Medicare and Medicaid patients. This strongly suggests that UVA Health will not reinstate its vaccine mandate without CMS doing so first. The fact that the federal governments lifted the federal public health emergency on May 11, 2023, strongly suggests the government will not impose such a requirement again.

 Mootness renders Plaintiffs' request for injunctive relief nonjusticiable, which obviates the need to review the Winter factors. See Fleet Feet, Inc., 986 F.3d at 463 ("A case becomes moot, and therefore nonjusticiable, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotations omitted). I find that a

7

preliminary injunction is not appropriate here because UVA Health has rescinded its COVID-19 vaccine mandate and any religious exemption requirements, thus removing the impediment on which Plaintiffs base their motion.

### III.     Conclusion

For the reasons stated above, Plaintiffs' motion for preliminary injunction is **DENIED**. An appropriate order shall issue.

Entered:  August 8, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge