CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
November 19, 2024
LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **DWAYNE PHILLIPS**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 3:22-cv-00075 |
| ) | |
| v. ) | By: Hon. Robert S. Ballou |
| ) | United States District Judge |
| **RECTOR AND VISITORS OF THE** ) | |
| **UNIVERSITY OF VIRGINIA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant John Doe #1's motion to dismiss Plaintiffs' Federal and State constitutional claims. Because I previously dismissed identical claims against identically situated Defendants on qualified immunity grounds, John Doe #1's motion is **GRANTED**.

### I.    Factual and Procedural Background

UVA Health mandated that Tier 1 employees be vaccinated for COVID-19 in the fall of 2021.[1] Plaintiffs each sought a religious exemption from the vaccination requirement for all UVA Health Tier 1 employees but were denied. Plaintiffs chose not to receive the vaccination and, as a result, lost their jobs. They bring this putative class action alleging Free Exercise and Establishment Clause claims under the federal and state constitutions and under Title VII for the termination, refusal to hire, and refusal to rehire employees and prospective employees who were denied religious exemptions and refused to comply with the vaccination mandate.

---

[1] UVA Health defines Tier 1 employees as "Team Members whose job-related activities require them to be present in Health System Facilities at any time in a given calendar year." Dkt. 143-1 Ex. A at 2.

Plaintiffs assert claims against the Rector and Visitors of the University of Virginia, and several individuals including K. Craig Kent, CEO UVA Health and UVA Executive Vice President for Health Affairs, Wendy Horton, CEO UVA Medical Center, Melissa Frederick, former Assistant Vice President UVA Health System, and Katy Hoffman. Plaintiffs also named John Does 1-14, who they identify as senior Human Resources personnel of UVA Health. Plaintiffs did not initially serve process on Doe Defendants and none of the Doe Defendants made an appearance in the case.

On May 12, 2023, the Defendants who had received service filed motions to dismiss. On August 8, 2023, this Court issued an order granting in part and denying in part the motions. Relevant to John Doe #1's present motion, the Court found that the defendants named in their personal capacity ("Personal Capacity Defendants")[2] were entitled to qualified immunity and dismissed Plaintiffs' claims against them. The Court also granted Plaintiffs leave to file a third amended Complaint.

Plaintiffs filed the Third Amended Complaint on April 8, 2024. On May 3, 2024, counsel for John Doe 1 made an appearance in the case and moved to dismiss. Dkts. 183, 188. On May 24, 2023, Plaintiffs and John Doe #1 filed an Agreed Motion for Streamlined Procedures. Dkt. 192. It provides:

> "[g]iven the similarities between the issues raised by Doe's Motion to Dismiss and the issues raised by [Personal] Capacity Defendants Frederick and Hoffman in their Motion to Dismiss…Plaintiffs have agreed that they shall not file a brief in opposition to Doe's Motion to Dismiss but they shall be deemed to rely, *mutatus mutandis*, on the written arguments they previously advanced in their Memorandum (Dkt. No. 115) opposing the Motion to Dismiss by [Personal] Capacity Defendants Frederick and Hoffman…Doe Defendant No. 1 has also agreed that they shall not file a reply brief in support of Doe's Motion to Dismiss but they shall be deemed to rely, *mutatis mutandis,* on the written arguments previously advanced by [Personal] Capacity Defendants Frederick and Hoffman.

---

[2] Personal Capacity Defendants refers to Kent, Horton, Frederick and Hoffman.

The Parties also waived oral argument on the motion.

## II.    Analysis

John Doe #1 argues that Plaintiffs' Constitutional claims should be dismissed because he, like Personal Capacity Defendants, is shielded by qualified immunity. I agree.

The Court previously held that Personal Capacity Defendants, all employees of UVA Health or UVA Medical Center, were shielded by qualified immunity because their conduct—denying religious exemptions to the organization's COVID 19 vaccine policy—did not violate a clearly established Constitutional right. John Doe #1 was also employed by UVA Health and asserts that he "worked on the review of religious accommodation requests." Dkt. 189 at 1. There are no allegations in the Third Amended Complaint indicating that John Doe #1's conduct was meaningfully different from Personal Capacity Defendants or that John Doe #1 was in any relevant way differently situated in relation to UVA. Accordingly, I find that John Doe #1, like Personal Capacity Defendants, are entitled to qualified immunity and the claims against John Doe #1 are dismissed.

Similarly, the Court previously declined to exercise supplemental jurisdiction over Plaintiffs' state law claims because there is an open question as to whether Va. Const. Art. I, § 16 is self-executing. Because "[q]uestions of state constitutional law are best answered by state courts, rather than by the federal judiciary, I again decline to exercise supplemental jurisdiction over these claims. *Bayadi v. Clarke*, No. 7:16-cv-3, 2017 WL 1091946, at *6 (W.D. Va. Mar. 22, 2017). Therefore, the Virginia constitutional claims against John Doe #1 are dismissed.

## III.    Conclusion

For the reasons stated above, John Doe #1's motion to dismiss (Dkt. 188) is **GRANTED**.

Entered: November 19, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge