**Exhibit 2**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| Dwayne PHILLIPS, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, *et al.*, <br><br> Defendants. | Case No. 3:22CV0075-RSB-JCH <br><br><br> **CONFIDENTIAL** |

**DEFENDANT UVA'S OBJECTIONS AND ANSWERS TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES**

Defendant Rector and Visitors of the University of Virginia ("UVA"), by counsel, for its Objections and Answers to Plaintiffs' First Set of Interrogatories, states as follows.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. UVA objects to the definition of "document" as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case, when that definition is coupled with Plaintiffs' discovery requests.

2. UVA objects to the definition of "you," "your," and "yourself," as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case, because it defines UVA to include entities that have a separate legal status from UVA. UVA further objects to the term "you" "your" and "yourself" as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case, because it has the effect of expanding the scope of Plaintiffs' discovery requests to UVA as a whole, rather than the specific division that implemented the COVID-19 vaccine policy (the "OCH-002 COVID Vaccine Policy") at issue in this case.

EXHIBIT 2

3.	UVA objects to the definition of "COVID Vaccine Policy" as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case, because it is defined to include any COVID Vaccine Policy regarding UVA as a whole, and is not limited to the OCH-002 COVID Vaccine Policy at issue in this case. UVA further objects to the term "COVID Vaccine Policy" to the extent it seeks information beyond the 2021 Review Process.

4.	UVA objects to the definition of "Influenza Vaccine Policy" as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case, because it is defined to include any Influenza Vaccine Policy regarding UVA as a whole, and is not limited to the Influenza Vaccine Policy described in OCH-002, or its predecessor, and applicable to Health System Facilities. UVA further objects to discovery regarding any Influenza Vaccine Policy, because religious exemptions to any Influenza Vaccine Policy are not issue int his case.

5.	UVA objects to the definition of "Vaccine Policy" for the same reason it objects the terms COVID Vaccine Policy and Influenza Vaccine Policy.

6.	UVA objects to the definition of "Vaccine Exemption" as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case, because it is defined to include any religious or medical exemption to any COVID Vaccine Policy or Influenza Vaccine Policy, and is not limited to religious exemptions to the OCH-002 COVID Vaccine Policy at issue in this case.

7.	UVA objects to the definition of "Religious Vaccine Exemption" for the same reasons it objects to the terms "COVID Vaccine Policy," "Influenza Vaccine Policy," "Vaccine Policy," and "Vaccine Exemption."

2

8.      UVA objects to the definition of "Disability/Medical Vaccine Exemption" for the same reasons it objects to the terms "COVID Vaccine Policy," "Influenza Vaccine Policy," "Vaccine Policy," and "Vaccine Exemption."

9.      UVA objects to the specified time-period for the discovery requests as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case.

10.     UVA objects to the instructions regarding preparation of a privilege log as over broad and unduly burdensome to the extent it purports to require UVA to log documents after December 1, 2021, which is after outside counsel was engaged regarding matters at issue in this litigation, and after Plaintiffs were terminated.

11.     UVA objects to the Interrogatories to the extent, when including subparts, the exceed the number of Interrogatories permitted by the applicable rules.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY # 1:** Provide the following information for any of your current or former employees who had any responsibility for, or duties related to, the development, implementation, application, or evaluation of any COVID Vaccine Policy: (a) name; (b) title; (c) description of responsibilities and duties related such policy or policies; (d) dates the employee performed or had such responsibilities or duties; and (e) whether such individual is one of the Doe Defendants referenced in the Third Amended Complaint.

**OBJECTION TO INTERROGATORY # 1:** UVA incorporates by reference its objections to the term "COVID Vaccine Policy." UVA further objects to this Interrogatory as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case. The only COVID Vaccine Policy at issue is the policy described in OCH-002 and applicable to Health System Facilities, referred to herein as the OCH-

3

002 COVID Vaccine Policy. UVA further objects to this Interrogatory to the extent it seeks information regarding the 2022 Procedure because none of the Plaintiffs sought or were denied a religious exemption under that procedure. UVA further objects to this Interrogatory because it is overly broad and unduly burdensome to the extent it seeks information for any current or former employee who had any responsibility for, or duties related to, the development implementation, application of evaluation, of any "COVID Vaccine Policy."

**ANSWER TO INTERROGATORY # 1:** Subject to and without waiving its objections, UVA responds as follows:

The following individuals, with assistance and advice from counsel, had primary responsibility for the decision to require COVID vaccination as part of OCH-002, and to provide for religious and medical exemptions. This decision was made for new hires in the summer of 2021, and was extended to Tier 1 Team Members on or around August 25, 2021.

> Dr. Craig Kent, Chief Executive Officer, UVA Health, Executive Vice President, Health Affairs
>
> Wendy Horton, Chief Executive Officer, UVA Medical Center
>
> Dr. Costi Sifri, Director of Hospital Epidemiology

The following individuals, with assistance and advice from counsel, had primary responsibility for the review of religious exemption requests related to the OCH-002 COVID Vaccine Policy from July 1, 2021 through approximately August 2022 -- although the overwhelming majority of the requests were reviewed and decision was made prior to December 31, 2021.

> Melissa Frederick – former Assistant Vice President of Human Resources, UVA Health

4

**CONFIDENTIAL**
**DISCLOSED PURSUANT TO AGREEMENT STATED IN RULE 26(F) REPORT AND WRITTEN CONFIRMATION OF PLAINTIFFS' COUNSEL**
**ALSO SUBJECT TO PENDING MOTION AT DOCKET #186 AND TO BE FILED PROTECTIVE ORDER**

▬▬▬▬▬ – HR business partner; voting member of Religious Exemption Committee

▬▬▬▬▬ – HR business partner; voting member of Religious Exemption Committee

▬▬▬▬ – HR business partner; voting member of the Religious Exemption Committee

▬▬▬▬▬▬ – HR business partner; voting member of the Religious Exemption Committee

▬▬▬▬▬ – HR business partner; voting member of the Religious Exemption Committee

**INTERROGATORY # 2:** Provide the following information for any of your current or former employees who had any responsibility for, or duties related to the consideration, review, evaluation, approval, or denial of or related to any request for a Vaccine Exemption: (a) name; (b) title; (c) detailed summary of the employees responsibilities and duties; (d) dates the employee performed or had such responsibilities or duties; and (e) whether such individual is one of the Doe Defendants referenced in the Third Amended Complaint.

**OBJECTION TO INTERROGATORY # 2:** UVA incorporates by reference its objection to the term "Vaccine Exemption." UVA further objects to this Interrogatory as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case. The only "Vaccine Exemption" at issue are the requests for religious exemption to the OCH-002 COVID Vaccine Policy. UVA further objects to this Interrogatory to the extent it seeks information regarding the 2022 Procedure because none of the Plaintiffs were subject to that procedure, or sought a religious exemption under that procedure. UVA further objects to this Interrogatory because it is overly broad and unduly burdensome to the extent it seeks information for any current or former employee who had _any_ responsibility for, or duties relates to the subject tasks.

**ANSWER TO INTERROGATORY # 2:** Subject to and without waiving its objections, UVA incorporates by reference its Answer to Interrogatory No. 1

**INTERROGATORY # 3:** Provide the following information for any meeting, program, or online training you offered, provided, or organized for any of your employees related to or touching on any type of Vaccine Exemption, including without limitation any training at which the materials attached as Exhibit A to the Third Amended Complaint were discussed:

6

(a) the date; (b) the names and titles of attendees; (c) the location; and (b) the Bates labels of all documents related to or discussed or reviewed at such meeting, program, or online training.

**OBJECTION TO INTERROGATORY # 3:** UVA incorporates by reference its objection to the term "Vaccine Exemption." UVA further objects to this Interrogatory as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case. The only "Vaccine Exemption" at issue are the requests for religious exemption to the OCH-002 COVID Vaccine Policy. UVA further objects to this Interrogatory to the extent it seeks information regarding the 2022 Procedure because none of the Plaintiffs sought or were denied a religious exemption under that procedure.

**ANSWER TO INTERROGATORY # 3:** Subject to and without waiving its objections, UVA states that a training was held on July 1, 2021 at McKim Hall. This is the training that is reflected in the document attached as Exhibit A to the Third Amended Complaint. The training was conducted by Melissa Wolf Riley in her role as Associate University Counsel. The attendees were Melissa Frederick, ███████, ███████, ███████, Nicole Thompson (Senior Compliance Director for Equal Opportunity and Civil Rights), and possibly ███████ ███████ and/or ███████. This same training was repeated for those who could not attend on July 1, and ███████ and/or ███████ attended. This repeat training is believed to have occurred over ZOOM. This is the only formal training that was held prior to Plaintiffs' termination.

**INTERROGATORY # 4:** For each current or former employee and applicant who requested a Disability/Medical Vaccine Exemption provide: (a) the date of the employee's request or requests; (b) the basis or reason cited by the employee for the request; (c) the name of every

7

person who evaluated, considered, or decided to approve or deny the request; (d) whether the request was approved or denied; (e) if the employee's request was denied, whether the employee complied with the policy, was terminated for not complying with the policy, or quit or was constructively discharged after being informed the request was denied; and (f) if the request was granted, what, if any, precautions, changes in behavior, or other measures you required as a result of the request being granted.

**OBJECTION TO INTERROGATORY # 4:** UVA incorporates by reference its objection to the term "Disability/Medical Vaccine Exemption." UVA further objects to this Interrogatory as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case, including because it seeks information regarding Disability/Medical Vaccine Exemptions, which are not at issue in this litigation. Moreover, this Interrogatory is not limited to the OCH-002 COVID Vaccine Policy or the relevant time period. UVA further objects to this Interrogatory to the extent it seeks information regarding applicants. None of the Plaintiffs was an applicant to UVA, and UVA objects to producing applicant data including because it is beyond the scope of Plaintiffs' claims and because it is not readily ascertainable. UVA further objects to this Interrogatory to the extent it requires UVA to compile data into a form in which it is not maintained in the ordinary course of business. UVA objects to providing information or documents that would identify individual exemption requestors because that information is confidential and not relevant to Plaintiffs' review or analysis of the data at this stage of the litigation; therefore, any information provided will be in an anonymous format. For the same reasons, UVA objects to producing personnel records for anyone other than the named Plaintiffs, and any termination information will be produced in summary and anonymous format.

**ANSWER TO INTERROGATORY # 4:** Subject to and without waiving its objections, UVA will produce information sufficient to identify the number of medical exemptions granted to the OCH-002 COVID Vaccine Policy, and the job title of the person who received the exemption, for the time period that the 2021 Review Process was in effect. Persons who were granted a medical exemption were generally required to test, mask, complete daily attestations, and follow the CDC quarantine/isolation guidelines for unvaccinated workers and may have had additional restrictions required by their manager, depending on their position and department assignment.

**INTERROGATORY # 5:** For each current or former employee and applicant who requested a Religious Vaccine Exemption provide: (a) the date of the request; (b) the basis or reason cited in or for the request; (c) the name of every person who evaluated, considered, or decided to approve or deny the request; (d) whether you considered the request to have cited or referenced "an established religion with a known prohibition against vaccination" or a denomination with or having "a known theological objection to vaccine" as those phrases are used on slide 13 of Exhibit A to Plaintiffs' Third Amended Complaint; (e) whether the request was approved or denied; (f) if the employee's request was denied, whether the employee complied with the policy, was terminated for not complying with the policy, or quit or was constructively discharged after being informed the request was denied; and (g) if the request was granted, what, if any, precautions, changes in behavior, or other measures you required as a result of the request being granted.

**OBJECTION TO INTERROGATORY # 5:** UVA incorporates by reference its objection to the term "Religious Vaccine Exemption." UVA further objects to this Interrogatory to the extent it seeks information regarding any COVID Vaccine Policy other than the OCH-002

9

COVID Vaccine Policy. UVA further objects to this Interrogatory to the extent it seeks information regarding requests for religious exemption under the 2022 Procedure because none of the Plaintiffs sought or were denied a religious exemption under that procedure. UVA further objects to this Interrogatory to the extent it seeks information regarding applicants. None of the Plaintiffs was an applicant to UVA, and UVA objects to producing applicant data including because it is beyond the scope of Plaintiffs' claims and because it is not readily ascertainable. UVA further objects to this Interrogatory to the extent it requires UVA to compile data into a form in which it is not maintained in the ordinary course of business. UVA further objects to this Interrogatory to the extent it seeks information that may go to the merits of any individual putative class members claims, as opposed to the analysis of the Rule 23 factors, including an analysis of whether any individual was "constructively discharged." UVA further objects to providing information or documents that would identify individual exemption requestors because that information is confidential and not relevant to Plaintiffs' review or analysis of the data at this stage of the litigation; therefore, any information provided will be in an anonymous format. For the same reasons, UVA objects to producing personnel records for anyone other than the named Plaintiffs, and any termination information will be produced in summary and anonymous format.

**ANSWER TO INTERROGATORY # 5:** Subject to and without waiving its objections, UVA will produce documents or other data from its VaxTrax database for employes or team members who requested a religious exemption to the OCH-002 COVID Vaccine Policy under the 2021 Review Process. This data primarily relates to existing employees or team members (not applicants), and includes the requestor's exemption history, including the date(s) of the exemption request, the substance of the request (religious comment and religious conflict), the decision on

10

the request (reviewer and administrative comments), and information regarding the requestor's vaccination status.

UVA will produce information from its Workday database for each of the individuals identified in the VaxTrax data above who did not receive a religious exemption to the OCH-002 COVID Vaccine Policy. This data will show the termination date, if any, after the exemption request was denied. UVA does not maintain data linking events in VaxTrax to events in Workday in the regular course of business, and has reconstructed this data for Plaintiffs' benefit. The data is believed to be accurate, but UVA reserves the right to supplement or amend it as necessary. The data will also include the business reason code for the termination. Other than those specifically coded as related to the COVID vaccine, UVA does not concede that any termination or resignation was related to the COVID vaccine, and produces this data solely for purposes of Plaintiffs determining the *maximum* size of any putative class. UVA reserves all defenses to any individual claim, including any defense that the individual was terminated or resigned for reasons unrelated to the COVID vaccine, or simply transferred to a different position resulting in a "termination" event. UVA is producing this data in summary format only at this stage of the litigation, and objects to producing personnel files for anyone other the named Plaintiffs who assert Title VII claims against UVA.

UVA further states that individual requests were generally assigned to an individual committee member for purposes of making entries into VaxTrax, but that requests were generally discussed among all voting members of the committee. UVA further states that persons that were granted a religious exemption were generally required to test, mask, complete daily attestations, and follow the CDC quarantine/isolation guidelines for unvaccinated workers and may have had

11

additional restrictions required by their manager, depending on their position and department assignment.

**INTERROGATORY # 6:** Provide the name and address of every person, organization, or entity that you do not consider to be included in the definition of "you," "your," and "yourself" (definition 2) above, but that provides goods or services to you, for you, or on your behalf for or to your patients, your employees, or at any location or facility that you own (wholly or partially), that you operate, or that you control.

**OBJECTION TO INTERROGATORY # 6:** UVA incorporates by reference its objections to the definition of the terms "you" "your" and "yourself." UVA further objects to this Interrogatory as over broad, unduly burdensome, vague and ambiguous, and seeking information that is not relevant to this litigation or proportional to the needs of the case, including because it purports to require UVA to list every contractor or other entity that it does business with, or has done business with, since 2018, it seeks information that is not relevant to any of the claims of the named Plaintiffs, and it purports to apply to UVA as a whole rather than the University Health System, which is responsible for OCH-002. Moreover, Plaintiffs were direct employees of UVA, with the exception of Dameron, who was employed by UVA Imaging. It is premature for Plaintiffs to seek discovery as to whether UVA is a joint employer of any putative class member. Those issues go to the merits of the putative class member claims, and not to the Rule 23 factors.

**ANSWER TO INTERROGATORY # 6:** Subject to and without waiving its objections, UVA will produce a copy of the University of Virginia Health System governance chart as it existed on October 1, 2021.

12

**INTERROGATORY # 7:** Provide the name and address of every person, organization, or entity that you consider to be included in the definition of "you," "your," and "yourself" (definition 2) above, but that you believe is legally separate or distinct from the Rector and Visitors of the University of Virginia.

**OBJECTION TO INTERROGATORY # 7:** UVA incorporates by reference its objections to the definition of the terms "you" "your" and "yourself." UVA further objects to this Interrogatory as over broad, unduly burdensome, vague and ambiguous, and seeking information that is not relevant to this litigation or proportional to the needs of the case, including because it purports to require UVA to list every contractor or other entity that it does business with, or has done business with, since 2018, it seeks information that is not relevant to any of the claims of the named Plaintiffs, and it purports to apply to UVA as a whole rather than the University Health System, which is responsible for OCH-002. Moreover, Plaintiffs were direct employees of UVA, with the exception of Dameron, who was employed by UVA Imaging. It is premature for Plaintiffs to seek discovery as to whether UVA is a joint employer of any putative class member. Those issues go to the merits of the putative class member claims, and not to the Rule 23 factors.

**ANSWER TO INTERROGATORY # 7:** Subject to and without waiving its objections, UVA will produce a copy of the University of Virginia Health System governance chart as it existed on October 1, 2021.

**INTERROGATORY # 8:** Provide a detailed description of the legal and business relationship between you and each person, organization, or entity identified in response to Interrogatory Nos. 6 and 7, including any ownership interest you hold, any contractual or other

13

right you have to control or influence the person's, organization's, or entity's policies, actions, operations, and staffing.

**OBJECTION TO INTERROGATORY # 8:** UVA incorporates by reference its objections to the definition of the terms "you" "your" and "yourself." UVA further objects to this Interrogatory as over broad, unduly burdensome, vague and ambiguous, and seeking information that is not relevant to this litigation or proportional to the needs of the case, including because it purports to require UVA to list every contractor or other entity that it does business with, or has done business with, since 2018, it seeks information that is not relevant to any of the claims of the named Plaintiffs, and it purports to apply to UVA as a whole rather than the University Health System, which is responsible for OCH-002. Moreover, Plaintiffs were direct employees of UVA, with the exception of Dameron, who was employed by UVA Imaging. It is premature for Plaintiffs to seek discovery as to whether UVA is a joint employer of any putative class member. Those issues go to the merits of the putative class member claims, and not to the Rule 23 factors.

**ANSWER TO INTERROGATORY # 8:** Subject to and without waiving its objections, and limiting its response to UVA Imaging, UVA states that UVA Imaging is a partnership between the Rector and Visitors of the University of Virginia and Outpatient Imaging Affiliates. UVA further incorporates by reference it Answer to Interrogatory Nos. 6 and 7.

**INTERROGATORY # 9:** For every employee of a person, organization, or entity identified in response to Interrogatory Nos. 6 and 7 who requested a Religious Vaccine Exemption or a Disability/Medical Vaccine Exemptions, provide: (a) the name and title of the employee who made the request; (b) the outcome of his or her request; (c) the name, title, and employer of the

14

individual(s) you allege were the decision-maker with respect to approval or denial of such request; (d) and the date such decision was made.

**OBJECTION TO INTERROGATORY # 9:** UVA incorporates by reference its objections to Interrogatory Nos. 6 and 7. UVA also incorporates by reference it objections to the definition of the terms Religious Vaccine Exemption and Disability/Medical Vaccine Exemption. UVA further objects to this Interrogatory as over broad and unduly burdensome, and seeking information that is not relevant to this litigation or proportional to the needs of the case, including because it seeks information about Disability/Medical Vaccine Exemptions and it seeks information about Vaccine Exemptions other than religious exemptions to the OCH-002 COVID Vaccine Policy under the 2021 Review Process. UVA further objects to this Interrogatory as over broad and unduly burdensome, and because it seeks information that is not relevant to this litigation or proportional to the needs of the case, because it seeks information that is not relevant to any of the claims of the named Plaintiffs. Moreover, Plaintiffs were direct employees of UVA, with the exception of Dameron, who was employed by UVA Imaging. It is premature for Plaintiffs to seek discovery as to whether UVA is a joint employer of any putative class member. Those issues go to the merits of the putative class member claims, and not to the Rule 23 factors.

**ANSWER TO INTERROGATORY # 9:** Subject to and without waiving its objections, for each of the individuals identified in the VaxTrax data produced in response to Interrogatory No. 5 who did not receive an exemption to the OCH-002 COVID Vaccine Policy, UVA will provide information sufficient to identify: (1) non-UVA employees; and (2) whether they were employed by University Physicians Group, UVA Imaging, or some other entity.

15

Dated: May 20, 2024

Respectfully submitted,

By: /s/ Robert M. Tata
   Robert M. Tata (VSB No. 30101)
   Trevor S. Cox (VSB No. 78396)
   Wendy C. McGraw (VSB No. 37880)
   Sarah C. Ingles (VSB No. 94812)
   **HUNTON ANDREWS KURTH LLP**
   Riverfront Plaza, East Tower
   951 East Byrd Street
   Richmond, VA 23219
   Phone: (804) 788-7221
   Facsimile: (804) 788-8218
   btata@HuntonAK.com
   tcox@HuntonAK.com
   wmcgraw@HuntonAK.com
   singles@HuntonAK.com

*Counsel for UVA*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2024, a true and correct copy of UVA's Objections and Answers to Plaintiff's First Set of Interrogatories – **Confidential Version** was served by electronic mail on Counsel for Plaintiffs with the courtesy copy to Counsel for Doe Defendant No. 1, as follows:

>Samuel W. Diehl (MN#0388371)*
>Nicholas J. Nelson (MN#0388371)*
>Nathan L. Hopkins (PA#328162)*
>CROSSCASTLE PLLC
>333 Washington Avenue N.
>Ste 300-9078
>Minneapolis, MN 55401
>Tel: (612) 429-8100
>Email: sam.diehl@crosscastle.com
>        nicholas.nelson@crosscastle.com
>        nathan.hopkins@crosscastle.com
>* Admitted Pro Hac Vice
>
>Charles B. Molster, III (VSB#23613)
>LAW OFFICES OF CHARLES B.
>MOLSTER, III PLLC
>129 East Davis Street, Suite 250
>Culpeper, Virginia 22701
>Tel. (703) 346-1505
>Email: cmolster@molsterlaw.com
>
>Terry N. Grimes (VSB#24127)
>TERRY N. GRIMES, ESQ., P.C.
>320 Elm Avenue, SW
>Roanoke, Virginia 24016
>Tel: 540.982.3711
>Email: tgrimes@terryngrimes.com
>
>Joshua A. Hetzler, Esq. (VSB #89247)
>FOUNDING FREEDOMS LAW CENTER
>707 E. Franklin St.
>Richmond, VA 23219
>Tel: (804) 801-6707
>Email: josh@foundingfreedomslaw.org
>
>*Counsel for Plaintiffs*

William Hurd, Esquire (VSB #16967)
Matthew Kirsner (VSB #41615)
Renee C. Mattei Montgomery (pro hac vice)
Laura A. Cottington (pro hac vice)
Eckert Seamans Cherin & Mellott, LLC
919 East Main Street, Suite 1300
Richmond, Virginia 23219
whurd@eckertseamans.com
mkirsner@eckertseamans.com
rmontgomery@eckertseamans.com
lcottington@eckertseamans.com

*Counsel for Doe Defendant No. 1*

/s/ Robert M. Tata
Robert M. Tata (VSB No. 30101)