CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
3/25/2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| DWAYNE PHILLIPS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3:22-cv-00075 |
| | ) | |
| v. | ) | By: Hon. Robert S. Ballou |
| | ) | United States District Judge |
| RECTOR AND VISITORS OF THE | ) | |
| UNIVERSITY OF VIRGINIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

This matter is before the Court on Defendant Rector and Visitors of the University of Virginia ("UVA") motion to for partial dismissal of Plaintiffs' Third Amended Complaint (Dkt. 181). For the reasons below, UVA's motion is **DENIED**.

### I.    Factual and Procedural Background

UVA Health mandated that Tier 1 employees be vaccinated for COVID-19 in the fall of 2021.[1] The vaccination policy allowed employees to submit requests for religious exemptions to a Religious Exemption Committee ("2021 Procedure"). Training materials developed to administer religious exemption requests under the 2021 Procedure identified seven faiths with "known prohibition[s] against vaccination" and provided automatic approval for employees of the listed faiths. Employees who were not members of one of the listed faiths, but who had a sincerely held religious belief against receiving the COVID-19 vaccination, had "the opportunity to submit additional information."

---

[1] UVA Health defines Tier 1 employees as "Team Members whose job-related activities require them to be present in Health System Facilities at any time in a given calendar year." Dkt. 143-1 Ex. A at 2.

In October 2022, UVA Health adopted an expanded exemption request review procedure ("2022 Procedure"). UVA Health named Katy Hoffman as the Exemption Coordinator to determine whether an employee had a sincerely held religious belief that conflicts with the vaccine mandate. If she determined they did, UVA Health sought to determine the extent to which accommodating a particular employee's exemption request imposed an undue hardship on UVA Health.

Plaintiffs each sought a religious exemption to UVA's vaccination requirement but were denied. Ultimately, Plaintiffs chose not to receive the vaccination and, as a result, lost their jobs. They filed this putative class action alleging violations of the Free Exercise and Establishment Clauses of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the free exercise and establishment rights guaranteed in Article I § 16 of the Virginia Constitution, and Title VII of the Civil Rights Act of 1964. This Court dismissed Plaintiffs' constitutional claims and the individual Defendants. Dkt. 162. The Court also dismissed the Title VII claims asserted by certain Plaintiffs who failed to exhaust their administrative remedies by filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 12–13. Notably, all the remaining named Plaintiffs applied for religious exemptions and were denied under the 2021 procedure. Plaintiffs filed their Third Amended Complaint on April 8, 2024. Dkt. 171. UVA subsequently moved to dismiss all claims asserted under UVA's 2022 religious exemption procedure. Dkt. 181.

**II.    Analysis**

UVA moves to dismiss claims asserted under the 2022 Procedure on two grounds. First, UVA argues that named Plaintiffs lack standing to assert claims under the 2022 Procedure. Dkt. 182 at 8–10. Second, it argues that Plaintiffs' claims under the 2022 Procedure fail because

they did not exhaust the administrative remedies associated with those claims. *Id.* 10–12. I find that named Plaintiffs' have demonstrated their standing to assert claims under the 2022 Procedure and have exhausted the relevant administrative remedies. Accordingly, Defendant's motion is denied.

### A.    Standing

UVA first challenges Plaintiffs' Article III standing. To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized and actual or imminent, (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 422024 (2021). In the context of class claims, the named plaintiffs must also allege that their "claimed injury is shared in common with others who have been similarly harmed by the same defendant's actions." *Singh v. Lenova Inc.*, 510 F. Supp. 3d 310, 319 (D. Md. 2021). "If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, non may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Here, UVA argues that named Plaintiffs, who were denied religious exemptions under the 2021 procedure, do not have standing to represent a class which includes individuals who were denied religious exemptions under the 2022 procedure because their injuries are distinct. Dkt. 198 at 5. Plaintiffs argue that this is not a question of standing but of the scope of the potential class that is ultimately certified. Dkt. 193 at 7–8.

Courts have taken two different approaches to this issue. In the "standing approach," urged by UVA, "courts evaluate at the motion to dismiss stage whether a proposed class representative has standing to pursue relief suffered by proposed class members that differ from

the named plaintiff's own injuries." *Singh*, 510 F. Supp. 3d at 319. In the "class certification approach," urged by Plaintiffs, a court "allow[s] an action to proceed once the named plaintiff demonstrates her individual standing to bring a claim, leaving for the Rule 23(a) analysis questions about commonality, typicality and adequacy of representation." *Id.*

The Fourth Circuit has not weighed in on the question, but most district courts, including those in this district have adopted the "class certification approach." *See e.g., Hendrick v. Caldwell*, 232 F. Supp. 3d 368, 882 (W.D. Va. 2017). I agree with these district courts. The Court risks prematurely limit[ing] the potential size of Plaintiff's class action by conflating the standard for Article III standing with the commonality requirement of Fed. R. Civ. P. 23(a). *See Van Buren v. Walmart, Inc.*, 611 F.Supp.3d 30, 36 (D. Md. 2020).

Here, Plaintiffs' have alleged that all purported class members, regardless of whether their request for a vaccine exemption was evaluated under the 2021 or 2022 Procedure, were discriminated against based on their religious beliefs, because they were denied vaccine exemptions and ultimately terminated. This is a shared concrete injury that is traceable to a single defendant, UVA, which this Court has the power to redress. *See Singh*, 510 F.Supp.3d at 320. "Nothing more is required to satisfy Article III's standing requirement." *Id.*

### B.    Failure to Exhaust Administrative Remedies

UVA next argues that Plaintiffs' claims under the 2022 Procedure must be dismissed, because none of the named Plaintiffs filed EEOC charges alleging discrimination under that procedure. Dkt. 182 at 10–12. UVA asserts that they were "not put… on notice of any claim under the 2022 Procedure" and did not have an opportunity to address those claims before the suit was filed. *Id.* Plaintiffs counter that absent class members are not required to exhaust

4

administrative remedies, Dkt. 193, and thus, purported class members who were fired under the 2022 Procedure are not required to separately file an EEOC charge.

I find that the named Plaintiffs' EEOC charges were sufficiently broad as to give UVA notice of discrimination under the 2022 Procedure and it is therefore inappropriate to dismiss Plaintiffs' claims at this time. UVA argues that "[o]nly 'those discrimination claims stated in the initial charge those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Dkt. 182. Here, all seven named Plaintiffs allege in their EEOC charge that they submitted a request for an exemption to the COVID vaccine based on a sincerely held religious belief, were denied an exemption, and were subsequently fired. Dkt 182-4–182-10. None of the charges mention the procedure by which UVA evaluated the exemption requests and are general enough that they could have applied to the 2021 or 2022 Procedure. Accordingly, Plaintiffs' EEOC charges were broad enough to put UVA on notice of allegations of discrimination under the 2022 Procedure and Defendant's motion to dismiss is denied. [2]

### III.    Conclusion

For the reasons stated above, UVA's motion to dismiss is **DENIED.**

---

[2] Notably, my ruling on this issue does not address the scope of the potential class, which is more appropriately addressed at class certification. It may well be that the discrimination against individuals fired under the 2022 Procedure is too remote in time from named Plaintiffs' EEOC complaints to permit those individuals to be included in the class. *See Enoh v. Hewlett Packard Enter. Co.,* 2018 WL 3377547, at *14 (N.D. Cal. July 11, 2018) ("The named plaintiff in a Title VII class action "may represent only those similarly situated individuals who either have filed timely charges with the EEOC or who could have filed a timely charge on the same date as the named plaintiff.")

Entered:  March 25, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge