IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **DWAYNE PHILLIPS,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:22-cv-00075-RSB-JCH |
| | ) |
| **RECTOR AND VISITORS OF THE** | ) |
| **UNIVERSITY OF VIRGINIA,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## UVA'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Rector and Visitors of the University of Virginia ("UVA"), by counsel, hereby provides notice to the Court of the decision in *Meinert v. Port Authority of Allegheny County*, No. 2:22-cv-01736-RJC (W.D. Pa. Mar. 25, 2025), a copy of which is attached as Exhibit 1. In that case—which, as here, concerns the exemption process from a defendant employer's COVID-vaccine requirement—the court denied certification of a putative class of former employees asserting a religious discrimination claim.

In *Meinert*, the court held that the plaintiffs could not satisfy either Rule 23(a) commonality or Rule 23(b)(3) predominance due to individualized issues related to the sincerity of the putative class members' religious beliefs and the undue-hardship analysis. As to commonality, the court explained that "[d]etermining the religious sincerity of each putative class member's religious beliefs is an inherently individual inquiry that would require the Court to consider the exemption request and genuine motivations of every Plaintiff." Ex. 1 at 17. It further concluded that, even if each plaintiff's sincerity were assumed, "the Court would still find that Plaintiffs have failed to establish commonality because individual inquiries would still be required by the Court." *Id.* at 19.

1

The court in *Meinert* similarly concluded that the plaintiffs could not demonstrate predominance. That was because "the sincerity of the putative class members' religious beliefs and the Defendant's undue hardship both turn on individualized proof." *Id.* at 22. The court repeatedly emphasized that its "analysis does not change even upon consideration of Plaintiffs' implicit argument that there was a pattern or practice of discrimination because Plaintiffs are still required to prove religious sincerity." *Id.* at 22 n.14.

UVA respectfully commends *Meinert* to the Court's attention as further authority for denying Plaintiffs' motion for class certification.

Dated: April 9, 2025

Respectfully submitted,

By: /s/ *Wendy C. McGraw*
Robert M. Tata (VSB No. 30101)
Wendy C. McGraw (VSB No. 37880)
Trevor S. Cox (VSB No. 78396)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219
Phone:  (804) 788-7221
Facsimile:  (804) 788-8218
btata@HuntonAK.com
wmcgraw@HuntonAK.com
tcox@HuntonAK.com

***Counsel for Rector and Visitors of the University of Virginia***